**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT EARL WILEY,

           Plaintiff,

vs.

Case No. 3:14-cv-729-J-JRK

CAROLYN W. COLVIN,
Commissioner of Social Security,

           Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Robert Earl Wiley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "[b]urns from [a] grease fire," a "nervous condition (self[-]diagnosed)," and a "gunshot wound to [his] abdomen." See Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed September 8, 2014, at 263. On January 20, 2011, Plaintiff filed an application for SSI, alleging an onset date of January 17, 2010.[2] Tr. at 221-27. Plaintiff's application was denied initially, Tr. at 139, 141-42, and was denied upon reconsideration, Tr. at 140, 147-48.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed September 8, 2014; Reference Order (Doc. No. 14), entered September 9, 2014.

[2] While the application is dated February 2, 2011, see Tr. at 221-27, the protective filing date is listed elsewhere in the administrative transcript as January 20, 2011, and both parties and the Administrative Law Judge refer to this earlier date as well, see Tr. at 80, 86, 139-40; Memorandum in Support of Complaint (Doc. No. 16) at 1; Memorandum in Support of the Commissioner's Decision (Doc. No. 17) at 1. The undersigned notes that the exact filing date is of no import here.

On March 8, 2012, an Administrative Law Judge ("ALJ") held a hearing ("March Hearing") at which Plaintiff testified. Tr. at 92-99. The March Hearing was continued to give Plaintiff the opportunity to obtain new representation because his counsel had withdrawn from the case two weeks earlier. See Tr. at 94; Tr. at 180 (letter concerning the previous attorney's withdrawal from the case on February 21, 2012). The hearing was rescheduled for July 5, 2012 ("July Hearing").[3] See Tr. at 182, 201, 305. However, when the July Hearing was supposed to be held, Plaintiff was incarcerated.[4] See Tr. at 252. On August 10, 2012, Plaintiff wrote a letter to the Social Security Administration, explaining that he "ha[d] not been able to respond due to [his] incar[c]eration" and requesting that future correspondence be sent to his jail address rather than the address the Social Security Administration had on file. Tr. at 219 (some capitalization omitted). Because Plaintiff was incarcerated, a telephonic hearing was scheduled for October 16, 2012 ("October Hearing"). Tr. at 205-09. In his "Acknowledgment of Receipt" of notice of this hearing, sent October 2, 2012, Plaintiff explained that he could not attend due to his incarcerated and requested that the hearing be postponed until after his (expected) release from jail on December 30, 2012. Tr. at 91. The ALJ received the request on October 5, 2012, see Tr. at 91, but apparently denied it. At the beginning of the October Hearing, Plaintiff renewed his request for postponement, and the ALJ again denied it and proceeded with the hearing. Tr. at 103-04.

---

[3] The parties contest whether Plaintiff ever received notice of the July Hearing. Plaintiff represents that because he was incarcerated, he never received notice. See Memorandum in Support of Complaint (Doc. No. 16) at 2. Defendant, however, stresses that there is no evidence that Plaintiff did not receive notice of the July Hearing. See Memorandum in Support of the Commissioner's Decision (Doc. No. 17) at 2 n.1. The undersigned need not make a finding as to this issue since the July Hearing was ultimately continued until October, and Plaintiff received notice of the continuation. See Tr. at 91.

[4] Plaintiff was arrested on May 11, 2012; his expected release date was December 30, 2012. See Tr. at 252.

During the October Hearing, the ALJ heard testimony from a vocational expert and Plaintiff, who appeared via telephone and represented himself. Tr. at 100-30. At the time of the October Hearing, Plaintiff was fifty-five years old. Tr. at 116. On November 9, 2012, the ALJ issued a Decision, finding Plaintiff not disabled since January 20, 2011, the date the application was filed. Tr. at 80-86. On May 3, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. Tr. at 52-55. On June 23, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal to this Court, Plaintiff argues only that the ALJ deprived him of an opportunity to obtain representation or, alternatively, failed to ensure him an opportunity to review the case file. See Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed September 17, 2014, at 5-8. Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") on January 9, 2015. After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity, (2) has a severe impairment, (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations, (4) can perform past relevant work, and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four, where she ended the sequential inquiry based on her step four finding. See Tr. at 82-86. At step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since January 20, 2011, the application date." Tr. at 82 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: status post gunshot wound to abdomen, burns and prostate cancer with hernia repair." Tr. at 82 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 82 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work . . . in that he can lift and carry ten pounds frequently and twenty pounds occasionally, he can sit, stand and walk for 6 hours in an eight hour day, except he can only occasionally climb ramps and stairs, balance, stoop, knee[l], crouch and crawl and never climb ladders, ropes and scaffolds. He has no restrictions on the use of foot pedals or arm levers, no restrictions on the use of his hands, arms, or shoulder, and no restrictions on his ability to see, hear, and communicate. He must avoid concentrated exposure to hazards such as machinery and heights.

Tr. at 83 (emphasis and citation omitted). At step four, the ALJ found that "[Plaintiff] is capable of performing past relevant work . . . as a Cleaner . . . and Flagger," both of which "are unskilled and performed at the light level." Tr. at 86 (emphasis omitted). The ALJ indicated that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 86 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . since January 20, 2011, the date the application was filed." Tr. at 86 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must

be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As explained above, Plaintiff argues that the ALJ erred by not granting a continuance for Plaintiff to obtain representation or, in the alterative, failing to ensure that Plaintiff had an opportunity to review the file. Pl.'s Mem. at 5-8. The ALJ's decision to conduct the hearing absent counsel for Plaintiff was appropriate only if Plaintiff knowingly and voluntarily waived his right to representation. See 42 U.S.C. § 406; Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995); Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982). However, lack of such waiver only merits reversal of the ALJ's decision if Plaintiff can also establish prejudice, which requires showing that the ALJ failed to develop a full and fair hearing record. See Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). The undersigned examines these issues below along with Plaintiff's contention that the ALJ failed to ensure him an opportunity to review his file.

First, the parties do not contest that Plaintiff was aware of his right to representation. Before the March Hearing, Plaintiff had retained counsel and was represented by Charles D. Romo. See Tr. 150-52. Less than a month before the March Hearing, however, Plaintiff's representative withdrew from the case upon Plaintiff's arrest and pending criminal charges. Tr. at 180. The ALJ continued the March Hearing "to grant [Plaintiff's] request to have some more time to try to find an attorney," and she specifically acknowledged that she was not

going to start the hearing because she "[did not] believe [Plaintiff was] prepared" for it. Tr. at 94.

The parties' views diverge sharply as to whether Plaintiff waived his right to representation. Defendant contends that Plaintiff "waived his right to representation by not obtaining a representative by the time of his third scheduled hearing." Def.'s Mem. at 8. Furthermore, Defendant argues that while "Plaintiff may have wanted representation . . . he simply did not take the steps necessary to obtain representation." Id. at 9. Essentially, Defendant's argument suggests that Plaintiff implicitly waived his right.

A review of the record suggests that Plaintiff wished to postpone his hearing so that he could obtain counsel. Beginning in August 2012, Plaintiff requested postponement until his expected release from jail at the end of the year, although initially he did not indicate why. See Tr. at 219 (letter from Plaintiff to the Administration dated August 10, 2012, requesting that his hearing be held after his release from jail on December 30, 2012); Tr. at 91 (Plaintiff's "Acknowledgment of Receipt (Notice of Hearing)," dated October 2, 2012, requesting same). Tr. at 91. Not until the October Hearing did Plaintiff reveal that he wished to postpone it to obtain representation. See Tr. at 104. Plaintiff explained that while incarcerated, he made unsuccessful efforts to obtain hearing counsel by reaching out to family and others. Tr. at 104. As he told the ALJ, "I write people and they never write me back so I can't get nobody to try to send nobody down there to represent me for this hearing." Tr. at 104. Plaintiff thus renewed his request that the hearing be postponed until after his release from jail, which he explained was "the only way [he could] be able to take care of this," by which he apparently was referring to obtaining hearing counsel. Tr. at 104.

Nevertheless, with the following statement, the ALJ denied the request and insisted on proceeding:

> No sir, I'm sorry, I can't do it. We've been doing this since February and, you know, that's been a couple of months now. So, what we're going to have to do is go ahead and do the hearing today. I will assist you as best I can but at some point I'm just going to have to take testimony from you, let you tell me everything you would want me to know; see if we're missing any records but then we need to move this case along.

Tr. at 104-05.

Although the record demonstrates that the hearing at issue proceeded in the face of Plaintiff's express desire to obtain representation, the Court need not determine whether Plaintiff waived his right to counsel. Assuming there was no valid waiver, the Court finds that Plaintiff was not prejudiced by lack of counsel. See Kelley, 761 F.2d at 1540. Prejudice occurs when the ALJ fails to develop a full and fair record. Id. When proceeding despite an unrepresented claimant's lack of waiver of counsel, the ALJ's "obligation to develop a full and fair record rises to a special duty," Smith, 677 F.2d at 829, to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," id. (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). A showing of prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." Kelley, 761 F.2d at 1540; see also Brown, 44 F.3d at 935-36 (reasoning that a "lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits").

The undersigned notes that Plaintiff's only argument related to whether the ALJ developed a full and fair record is his assertion that the ALJ did not ensure him an opportunity to review the file. See Pl.'s Mem. at 5-7. However, Plaintiff does not point anywhere in the record to support that assertion. A review of the record suggests, instead, that Plaintiff did in fact have ample opportunity to review his file. For instance, at the March Hearing, the ALJ reminded Plaintiff three times to stay afterwards so that someone could provide him the disc containing all the documents in his file. See Tr. at 94-95, 98, 99. Moreover, the transcript of the October Hearing reveals that the ALJ reviewed Plaintiff's medical records with him and questioned Plaintiff to verify that no new medical records relevant to Plaintiff's claim existed that should have been added to his file. See Tr. at 106-09.

Beyond Plaintiff's argument, the undersigned finds no other indication that the ALJ failed in any way to develop a full and fair record. The hearing transcript contains extensive testimony from both Plaintiff and a vocational expert addressing Plaintiff's physical capabilities, past relevant work, and the standards and criteria at issue. See Tr. 109-28. The ALJ explained the hearing procedure and reviewed Plaintiff's medical records with him while explaining the relevant findings they contained. See Tr. at 105-07. After questioning the vocational expert, the ALJ explained to Plaintiff some of the expert's testimony concerning the criteria by which Plaintiff's capabilities were being evaluated. See Tr. at 125-26. Finally, the undersigned finds no indication in the administrative transcript that the medical records before the ALJ were incomplete in any way. Plaintiff appears to have submitted additional records to the Appeals Council that were not in the record before the ALJ. See Tr. at 53. However, the Appeals Council determined that these records were irrelevant to Plaintiff's

case because they concern a later time period. See Tr. at 53. Plaintiff does not argue otherwise.

### V.  Conclusion

Based on a thorough review of the administrative transcript, and upon consideration of the respective arguments of the parties, the Court finds that Plaintiff received a full and fair hearing and was not prejudiced by lack of counsel.[6] The Court further finds that the ALJ's Decision that Plaintiff is not disabled is supported by substantial evidence.

In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 12, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:
Counsel of record

---

[6] Although Plaintiff raises as an alternative argument his contention that the ALJ did not ensure that he had a chance to review his file for the hearing, the Court addressed that matter in full, above, in relation to the prejudice issue, finding that Plaintiff had ample opportunity to review the file.